# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### (Southern Division)

```
-------------------------------------------------- x
LEEANNE HORTON,                                    :
113 Oregon Street                                  :
(Cumberland County)                                :        Civil Action No. _____
Millville, NJ 08332,                               :
                                                   :
                        Plaintiff,                 :        COMPLAINT
                                                   :        (Jury Trial Demanded)
        -against-                                  :
                                                   :
HILLARY M. CULLEN,                                 :
3600 29th Street                                   :
(Calvert County)                                   :
Chesapeake Beach, MD  20732,                       :
                                                   :
                        Defendant.                 :
-------------------------------------------------- x
```

Plaintiff LeeAnne Horton, by and through her attorneys, Alexander J. Coffin and the Law Office of Alex Coffin, LLC, for her Complaint against Defendant Hillary M. Cullen does allege and aver as follows:

## THE PARTIES

1.    Plaintiff LeeAnne Horton ("Plaintiff") is an individual, a resident, and domiciliary of Cumberland County, State of New Jersey, residing at 113 Oregon Street, Millville, New Jersey 08332.

2.    Defendant Hillary M. Cullen ("Defendant") is an individual, a resident, and domiciliary of Calvert County, State of Maryland, residing at 3600 29th Street, Chesapeake Beach, Maryland 20732.

## JURISDICTION AND VENUE

3.    The Court has subject-matter jurisdiction over this action based upon diversity of citizenship pursuant to 28 U.S.C. § 1332. The matter in controversy exceeds the sum or

1

value of $75,000, exclusive of interest and costs, and is between citizens of different states. For the purposes of jurisdiction, the Plaintiff is deemed to be a citizen of New Jersey and Defendant is deemed to be a citizen of Maryland.

4.    Venue is proper in the United States District Court for the District of Maryland under 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) as to all the actions against the Defendant because Maryland is the judicial district where the Defendant resides and where a substantial part of the events giving rise to the Plaintiff's claims occurred.

## NATURE OF THIS ACTION

5.    Plaintiff has sued the Defendant for defamation, intentional infliction of emotional distress, and negligence stemming from the Defendant publishing a document naming and implicating Plaintiff in illegal and indecent acts of moral turpitude involving a minor child. Defendant's actions resulted in interference with Plaintiff's ability to see and maintain contact with her granddaughter. Plaintiff seeks compensatory and exemplary damages against the Defendant.

## FACTUAL ALLEGATIONS

6.    Plaintiff Horton is an adult individual, a deeply religious woman, a devout Christian, and a member of the Catholic faith.

7.    Defendant Cullen is an individual who holds herself out as a Maryland licensed clinical professional counselor. Defendant has operated her counseling business as a sole proprietor under the d/b/a Hillary Cullen, LCPC. The d/b/a expired on May 30, 2022 and is deemed to have been forfeited according to the Maryland Secretary of State.

8.    Plaintiff is the maternal grandmother of Z.P., a minor female child with a reported psychiatric history of  behavioral issues.

9.    At the time of the incidents described herein, Z.P. was eleven (11) years of age and was receiving counseling from Defendant Cullen.

10.   On or about November 17, 2021, Defendant Cullen prepared a memorandum of recommendations (the "Memorandum") addressed "To Whom it May Concern" which was published or republished on or about November 22, 2021 to Lisa M. Radell, Esquire, the attorney for Z.P.'s father.

11.   Upon information and belief, Defendant Cullen lacked any privilege or immunity to publish the Memorandum to Attorney Radell or others.

12.   Defendant Cullen took no precautions to restrict the distribution or redistribution of the Memorandum to third parties, including failing to mark the Memorandum as confidential or otherwise to restrict distribution or redistribution of the Memorandum.

13.   The Memorandum published by Defendant Cullen contained false, malicious, and defamatory accusations about Plaintiff based upon pure speculation by Defendant Cullen ostensibly based upon Defendant's counseling sessions with Z.P. and others.

14.   Defendant Cullen's statements contained in the Memorandum constituted libel *per se*, specifically in that the Memorandum charged that Plaintiff had committed criminal acts, acts of moral turpitude, and had corrupted the morals of a child.

15.   Defendant Cullen's Memorandum stated the she suspected Plaintiff of "possible sexual abuse and or exposure [of Z.P.] to inappropriate sexual situations while with her [Plaintiff] grandmother."

16.   Defendant Cullen's Memorandum further intimated that Z.P.'s acts of violent behavior had been triggered by contact with Plaintiff because they occurred "following her visits with her grandmother."

17.   Defendant Cullen's Memorandum served further to interfere with Plaintiff's relationship

and visitation with her granddaughter Z.P. by "highly recommend[ing] that [Ms.] Horton [should] not [be] allowed to have any unsupervised visits with [Z.P.] and or have any involvement in her care at this time."

18. Defendant's false and defamatory statements contained in the Memorandum directly led to the interference with and cancellation of Plaintiff's visitation with Z.P.

19. Plaintiff made her reckless, unfounded, and false speculations and recommendations which she committed to writing, and which were contained in the published Memorandum without any investigation and without ever confronting, speaking to, or interviewing Plaintiff, or on information and belief, without speaking to, or interviewing any other person familiar with Z.P. or Plaintiff.

20. Plaintiff has never sexually abused Z.P. or otherwise exposed Z.P. to any inappropriate sexual situation.

21. On information and belief, the Memorandum has now been published or republished to numerous third parties, all to the detriment of Plaintiff and Plaintiff's reputation.

22. The Memorandum was published by Defendant Cullen and foreseeably republished by others with a wanton disregard for the consequences that would be suffered by Plaintiff.

23. The publication by Defendant Cullen of the Memorandum was made without benefit of any privilege or statutory protection.

24. Defendant Cullen has defamed the character and reputation of Plaintiff by accusing her of a criminal felony and acts of moral turpitude and has demeaned and belittled Plaintiff's reputation in the community and has damaged Plaintiff's relationship with Z.P. and other family members.

25. Plaintiff has suffered emotional injury caused by Defendant Cullen's malicious, wanton, and

unwarranted behavior which has been manifested by Plaintiff's feelings of sadness, depression, episodes of crying, and feelings of loss.

## COUNT ONE
### (Defamation—Libel *per se*)

26.   The allegations of paragraphs 1 through 25 are incorporated herein by reference.

27.   Plaintiff is not a public figure.

28.   Defendant Cullen made defamatory statements about Plaintiff which were contained in the written Memorandum.

29.    Defendant Cullen published the Memorandum to a third party without privilege or legal authority.

30.   Defendant Cullen, without regard for the consequences, took no steps to prevent the republication of the Memorandum.

31.   On information and belief, the Memorandum was republished to other parties to the detriment of Plaintiff and Plaintiff's reputation.

32.   The republication of the Memorandum to third parties was reasonably foreseeable by the Defendant Cullen.

33.   The information contained in the Memorandum as it pertained to Plaintiff was false.

34.   Defendant Cullen never made any attempts to verify or otherwise support the wild and malicious speculations contained in the Memorandum.

35.   Defendant Cullen was legally at fault in making the statements contained in the Memorandum.

36.   Plaintiff was injured and suffered harm to her public reputation and in her familial relationships by the Defendant's malicious, false, and defamatory statements.

37.   Defendant Cullen's defamatory statements contained in the Memorandum exposed Plaintiff

to public scorn, hatred, contempt, and ridicule and discouraged others in the community from having a good opinion of, or from associating with the Plaintiff.

38.   Defendant Cullen's words contained in the Memorandum, in themselves, impute defamatory character without necessity of inuendo or inferences drawn from context and constitute *per se* defamation.

39.   Defendant Cullen's false, malicious, and defamatory statements, made and published without regard to the consequences to Plaintiff falsely accused her of acts of moral turpitude and criminality and were defamatory *per se*.

40.   Plaintiff was injured by Defendant's malicious and *per se* libelous statements contained in the Memorandum. Plaintiff seeks actual and punitive damages against Defendant for defamation *per se* as determined and awarded by a jury.

**COUNT TWO**
**(Intentional Infliction of Emotional Distress)**

41.   The allegations of paragraphs 1 through 40 are incorporated herein by reference.

42.   Defendant's actions and acts to inflict mental cruelty on Plaintiff by accusing her of immoral and illegal acts and recommending that she not be allowed contact with her granddaughter, constituted an intentional infliction of emotional distress. Such extreme conduct was beyond all decency, atrocious and utterly intolerable in a civilized society and is beyond that which any person should be expected to endure.

43.   Defendant's outrageous conduct caused and continues to cause Plaintiff severe emotional distress. Because of Defendant's intolerable, wrongful, and outrageous conduct, Plaintiff has been severely emotionally and psychologically injured. Since the tortious acts by the Defendant Cullen in publishing defamatory statements and interfering with her familial relationships, Plaintiff has experienced regular episodes of emotional upset, anxiety, and

sadness. Plaintiff experiences continued social anxiety and embarrassment caused by Defendant's false statements.

44. Plaintiff has been damaged and has suffered emotional injuries and an actual compensable loss to be proved at trial caused by Defendant's outrageous and intolerable conduct. Plaintiff seeks punitive damages for Defendant's knowingly malicious actions, and intentional, outrageous, and intolerable conduct as determined and awarded by a jury.

## COUNT THREE
### (Negligence)

45. The allegations of paragraphs 1 through 44 are incorporated herein by reference.

46. Defendant had a duty to not defame or demean the character of Plaintiff though the use and manipulation of information she received in conversations with an eleven-year-old child or to engage in wild speculation to damage Plaintiff's reputation, emotional wellbeing, or her familial relationships.

47. Defendant breached this duty by publishing *per se* defamatory statements about Plaintiff, failing to take any precautions to prevent republication of the *per se* defamatory statements, and leveraging those false statements to prevent Plaintiff from seeing and interacting with her granddaughter. Defendant acted recklessly and with a wanton disregard for Plaintiff's reputation or her familial relationships.

48. The consequences of Defendant's negligence were reasonably foreseeable to Defendant.

49. Plaintiff did not assume the risk of injury suffered by her due to Defendant and her negligence.

50. As a direct and proximate result of the negligent actions and breaches of the applicable duties and standards of care by Defendant, Plaintiff suffered emotional injuries, reputational injuries, and other damages.

51.     Defendant knew or should have known that her acts in publishing false and *per se* defamatory statements about the Plaintiff would result in injury to the Plaintiff.

52.     Plaintiff's injury would not have occurred but for Defendant's actions.

53.     Defendant's torts perpetrated on Plaintiff in violation of Maryland law, caused reputational injury to Plaintiff. Plaintiff has suffered emotional pain, embarrassment, and mental anguish. Plaintiff has been damaged by Defendant's negligence in an amount to be proved at trial.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court enter a judgment awarding the following:

As against the Defendant, monetary damages in the amount of $300,000 or as determined by a jury.

As against the Defendant, punitive damages for libel *per se* and intentional infliction of emotional distress in the amount of $200,000 or as determined by a jury.

Such other relief as this Court may deem just and proper.

 /s/ Alexander J. Coffin
Alexander J. Coffin (Bar No. 21680)

Law Office of Alex Coffin, LLC
13862 Kimberly Drive
Largo, FL 33774
Phone: 410-216-3339
Email: alex.COFFINLAW@gmail.com

*Attorney for Plaintiff*

November 15, 2022

## **JURY DEMAND**

Plaintiff demands a trial by jury on all triable issues of fact.

 /s/ Alexander J. Coffin
Alexander J. Coffin (Bar No. 21680)

Law Office of Alex Coffin, LLC
13862 Kimberly Drive
Largo, FL 33774
Phone: 410-216-3339
Email: alex.COFFINLAW@gmail.com

*Attorney for Plaintiff*

November 15, 2022